UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES DEON MILLER | CIVIL ACTION NO. 16-cv-0225 |
| VERSUS | JUDGE HICKS |
| BAYOU DORCHEAT CORRECTIONAL CENTER | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Charles Deon Miller ("Plaintiff") is a self-represented inmate who was formerly housed at the Bayou Dorcheat Correctional Center ("BDCC"). He filed this civil action against Warden John Lewis and alleged that he was (1) forced to attend church services, (2) discriminated against because he is an African-American when his job was taken away and given to a white prisoner, and (3) terrorized by deputies. Plaintiff was ordered to file an amended complaint and provide additional details about his claims. That pleading (Doc. 11) mentioned only the allegation of forced religious services.

Warden Lewis has filed a Motion for Summary Judgment (Doc. 24) that attacks all claims. Plaintiff, who is now housed at a different facility, was given notice of the motion but did not file any opposition. For the reasons that follow, it is recommended that Warden Lewis's motion be granted.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Religious Services**

Plaintiff alleged in his amended complaint that he was "forced to attend religious services while in the custody of Warden Lewis, or was sent to segregation for refusing, and left there while services were being held." Warden Lewis supports his motion with an affidavit in which he testifies that Plaintiff was able to serve as a trusty during much of his time at BDCC. Trustys are granted various privileges, including the ability to work off the premises.

To maintain trusty status, Plaintiff was required to select and attend three self-improvement classes each week. During Plaintiff's stay at BDCC, trustys could choose from several programs: Alcoholics Anonymous, education, religious services, law library, celebrate recovery, anger management, parenting, mind-altering substances, and preparing

for success on the outside. Lewis testifies that trustys were not required to attend a church service, and Plaintiff was not placed in segregation and did not lose his trusty status because he did not participate in religious services.

Warden Lewis has met his summary judgment burden with respect to the claim that Plaintiff was forced to participate in religious services. Plaintiff has not responded with any competent summary judgment evidence that would create a genuine dispute as to any material fact on this claim. Accordingly, Lewis is entitled to summary judgment on this claim.

**Equal Protection**

Plaintiff's original complaint alleged that he was treated unequally because of his race (African-American) when his "job was took away from me for nothing that was against the rules at BDCC and gave to a white man." Petitioner did not mention this claim in his amended complaint, and the amended pleading did not incorporate by reference the prior allegations. Generally, an amended complaint supercedes and replaces an original complaint unless the amendment specifically refers to or adopts the earlier pleading. Doelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985). The Fifth Circuit has applied the rule to pro se prisoner complaints. Eubanks v. Parker County Commissioners Corp., 1995 WL 10513, *2 (5th Cir. 1995); Moore v. Melvin, 1994 WL 708686, n.8 (5th Cir. 1994).

Even if the equal protection claim were properly pleaded, Lewis offers testimony that challenges the underlying facts. Lewis testified that the reason Plaintiff lost his trusty status was that he was disciplined for violating the BDCC tobacco policy and transferred to a

different dorm for inmates who are not in trusty or work release status. Plaintiff has not responded with any competing summary judgment evidence, so there is no genuine dispute of material fact on this claim. Lewis is entitled to summary judgment on the claim.

**Harassment by Deputies**

Plaintiff's original complaint alleged that Lewis ignored his request for help "while being terrorize by his deputies." This claim was not mentioned in the amended complaint so has been supplanted. Furthermore, mere verbal taunts and insults do not give rise to a claim under Section 1983. Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993). And supervisors may not be held liable under Section 1983 based on any theory of vicarious liability for the actions of subordinates. The plaintiff must show independent liability of the supervisor based on a custom, policy, or practice approved by him, failure to train, or other facts that show a causal connection between actions of the supervisor and a constitutional violation. Estate of Davis v. City of North Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005). Warden Lewis challenges Plaintiff's ability to prove such facts, and Plaintiff has not produced any summary judgment evidence in response to that challenge. Lewis is entitled to summary judgment on this final claim.

**Conclusion**

Warden Lewis has shown that he is entitled to summary judgment on the merits of each claim. The court also notes that Plaintiff's only request for relief is $2,000,000 in compensatory damages, but such damages are barred by 42 U.S.C. § 1997e(e)'s provision

that no federal civil action may be brought by a prisoner for mental or emotional injury without a prior showing of physical injury. This requirement applies to all federal civil actions in which a prisoner alleges a constitutional violation, including First Amendment claims that are not usually accompanied by physical injury. Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005). And, to the extent Plaintiff might seek injunctive relief, that was rendered moot when he was transferred to another prison facility. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); Cooper v. Sheriff, Lubbock County, 929 F.2d 1078, 1084.

Accordingly,

**IT IS RECOMMENDED** that John Lewis's **Motion for Summary Judgment (Doc. 24)** be **granted** and that all claims against John Lewis be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of September, 2017.

Mark L. Hornsby
U.S. Magistrate Judge